CLAPPE v. TAYLOR et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

BROKERS—PURCHASE OF STOCK—PLEDGE—CONVERSION.

A stockbroker, buying stock for a customer who deposits a specified sum as margin, is a pledgee of the stock, and a sale thereof without demand or notice to the customer is a conversion, and the broker is liable for the damages sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 27.]

Appeal from Trial Term, Queens County.

Action by Arthur A. Clappe against Talbot J. Taylor and others. From a judgment for certain defendants, and from an order denying

a motion for a new trial, plaintiff appeals. Reversed, and new trial awarded.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Robert L. Turk, for appellant.

Robert W. Candler, for respondents.

WOODWARD, J. For the purposes of this appeal, the complaint having been dismissed at the close of the plaintiff's case, the following facts, some of which are admitted in the answers, must be taken as having been established: The defendants were partners when, on the 4th day of May, 1901, the plaintiff engaged them as stockbrokers to purchase and sell stocks for him, and the defendants thereupon purchased for the plaintiff 100 shares of stock of the Missouri, Kansas & Texas Railway Company at 30¾; the plaintiff depositing with the defendants as margin $700. This particular stock was purchased on the recommendation of the defendants' manager, with whom the plaintiff dealt. Within a week, and without any notice to the plaintiff or demand for more margin, the defendants sold the stock at 23½, and a few weeks later the price of the stock rose to 32⅞. This action was brought to recover the loss of profits consequent upon the unauthorized sale.

The relation between the defendants and their customer was that of pledgees and pledgor, and the sale by a broker of pledged stock without demand and notice is a conversion. Markham v. Jaudon, 41 N. Y. 235; Baker v. Drake, 66 N. Y. 518, 23 Am. Rep. 80; Gruman v. Smith, 81 N. Y. 25; Gillett v. Whiting, 120 N. Y. 402, 24 N. E. 790; Content v. Banner, 184 N. Y. 121, 76 N. E. 913. In the case last cited, Willard Bartlett, J., says (page 124 of 184 N. Y., page 913 of 76 N. E.):

"Under the contract arising by operation of law out of the relation between the parties a sale of the stock by the brokers, without notice of the time and place of sale, constituted a conversion, in the absence of an agreement dispensing with such notice or providing for otherwise disposing of the pledged property."

The pledgees are liable for the damages sustained by the pledgor as a result of the conversion of the pledge. Gruman v. Smith, supra.

It follows that the dismissal of the complaint was error, which demands a reversal of the judgment; and a new trial should be granted, costs to abide the event. All concur.